CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

07/16/2026

LAURA A. AUSTIN, CLERK
BY: **/s/ Hannah Warren**
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **JEREMY JAMES SKIDMORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: 7:24-cv-00445** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MICHAEL SCHINKE et al.,** | ) | **By: Hon. Robert S. Ballou** |
| | ) | **United States District Judge** |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

This matter returns to the Court on remand from the United States Court of Appeals for

the Fourth Circuit. The Fourth Circuit vacated this Court's prior order denying Plaintiff's motion

to remand and dismissing the complaint, holding that the Court erred in concluding that Va.

Code § 40.1-28.7:9 could not support a *Bowman* claim as a matter of law. The Fourth Circuit did

not address the remaining arguments raised by Defendants in support of their assertion of

fraudulent joinder, and it remanded for further proceedings consistent with its opinion. I now

consider these remaining arguments.[1]

### I.      Background

Plaintiff Jeremy James Skidmore, a Virginia resident, brought a single *Bowman* claim in

Virginia state court against Defendants Michael Schinke and Gail Saul, alleging both were

Virginia citizens. *See* Dkt. 1-1. Defendants removed the action to this Court on the basis of

diversity jurisdiction, alleging that Saul was a resident of Kentucky[2] and that Skidmore

---

[1] The parties were given the opportunity to submit additional points and authorities, and Plaintiff
filed a brief in support of his motion to remand. Dkt. 27.

[2] The record establishes that Saul was in fact a citizen of either Kentucky or Tennessee, a
distinction that is immaterial because she was diverse from Skidmore under either scenario. *See*

fraudulently joined Schinke as a non-diverse defendant. Dkt. 1. Skidmore moved to remand, Dkt. 2, and Defendants moved to dismiss, Dkt. 4. I previously denied the motion to remand, concluding that Schinke had been fraudulently joined, and dismissed the complaint for failure to state a claim. Dkt. 16. On appeal, the Fourth Circuit vacated both rulings and remanded for further proceedings. Dkt. 22.

Skidmore worked for Sonoco Products Company for 28 years. Dkt. 1-1 ¶ 11. At the time of the alleged events, Schinke served as the production supervisor at the facility where Skidmore worked and was the sole member of management physically present at that plant. *Id.* ¶ 15. Skidmore alleges that Defendants operated the plant in violation of company policy in ways that adversely affected employee compensation. *Id.* ¶ 17. Skidmore reported these violations— including issues "regarding overtime compensation"—to Schinke, who responded by stripping Skidmore of his supervisory responsibilities. *Id.* ¶¶ 18–19. Skidmore then submitted a written report to corporate management describing Schinke's policy violations and their impact on employee pay. *Id.* ¶ 20. Senior Director of Regional Operations Richey investigated the report, and a human resources representative interviewed Skidmore. *Id.* ¶¶ 23–24. After Skidmore initiated a complaint asserting that he and other employees had been denied proper compensation, Defendants suspended and ultimately terminated Skidmore. *Id.* ¶¶ 26–28. This suit followed, with Skidmore claiming that his termination violated Virginia public policy found in Va. Code § 40.1-28.7:9, which protects an employee from retaliation for sharing wage information.

II.    **Analysis**

The doctrine of fraudulent joinder "permits removal when a non-diverse party is (or has

---

*Skidmore v. Schinke*, 171 F.4th 319, 323 n.3 (4th Cir. 2026).

been) a defendant in the case," allowing "a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). A removing defendant asserting fraudulent joinder must demonstrate that "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (emphasis in original) (citation omitted). "This standard heavily favors the [plaintiff], who must show only a 'glimmer of hope' of succeeding against the non-diverse defendants." *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (quoting *Mayes*, 198 F.3d at 466).

The Court dismissed this action, concluding that the Virginia wage information protection statute does not support a *Bowman* claim. The Fourth Circuit found that because this is an undecided question of law, there was some possibility that the Virginia courts could find that Schinke had a *Bowman* claim under the statute. The remaining grounds on which Schinke contends that Skidmore has no possibility of establishing a claim against him are as follows: (1) there are no allegations that Schinke was involved in terminating Skidmore, and (2) Skidmore did not engage in conduct protected by § 40.1-28.7:9.

### A. Whether Skidmore Sufficiently Alleges Schinke's Personal Involvement in the Termination

Schinke argues Skidmore cannot possibly state a claim against him because the complaint contains no allegation that he participated in Skidmore's suspension or termination. The complaint alleges only that "Defendants" suspended and terminated Skidmore without identifying Schinke specifically. Dkt. 1-1 ¶¶ 27–28. Additionally, Skidmore alleges that Senior Director of Regional Operations Richey—not Schinke—was responsible for conducting the investigation that preceded his termination. *Id.* ¶ 23.

At the fraudulent-joinder stage, the court must resolve all legal and factual ambiguities in Skidmore's favor. *Mayes*, 198 F.3d at 464 (citing *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232–33 (4th Cir. 1993)). Although the complaint does not expressly allege that Schinke personally suspended or terminated Skidmore, it alleges that Schinke was the sole supervisory authority and member of management at the Virginia facility, *id.* ¶ 15, that Skidmore reported wage-related violations to Schinke, *id.* ¶ 18, and that Schinke took adverse action by removing Skidmore's supervisory duties, *id.* ¶ 19. These allegations, taken together, create at least a possibility that a Virginia court could infer Schinke's involvement in the termination decision or find that he participated in retaliatory conduct actionable under *Bowman*. Moreover, while Skidmore's use of group pleading may not survive a motion to dismiss, the fraudulent joinder standard "is even more favorable to the plaintiff." *Mayes*, 198 F.3d at 464 (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)). The fact that the complaint does not specifically allege that Schinke terminated Skidmore is not determinative; the state court may nonetheless find that Skidmore established a cause of action. *See, e.g.*, *Archuleta v. Taos Living Ctr., LLC*, 791 F. Supp. 2d 1066, 1074 (D.N.M. 2011) (finding that the plaintiff "may possibly state a viable claim against [the non-diverse defendant]" even though the complaint employs group pleading); *Hampton v. Georgia-Pac. L.L.C.*, No. CIV.A. 11-0363-KD-N, 2011 WL 5037403, at *3 (S.D. Ala. Oct. 24, 2011). Because the fraudulent-joinder standard requires only a "glimmer of hope," I cannot conclude that there is no possibility of recovery against Schinke on this basis.

## B.  Whether Skidmore Alleges Protected Activity Under § 40.1-28.7:9

Schinke also argues Skidmore failed to allege that he engaged in conduct protected by § 40.1-28.7:9 because the complaint does not allege that Skidmore discussed the *amount* of wages or compensation *with another employee*. Although Schinke made this argument primarily

4

in support of its Rule 12(b)(6) motion, I must consider it here because, if correct, it could eliminate any possibility of a claim against Schinke.

The complaint alleges that Skidmore reported "violations regarding overtime compensation" affecting his and other employees' pay, that he "inquired and/or discussed his own compensation and the compensation of other employees," and that he disclosed these issues during the investigation. Dkt. 1-1 ¶¶ 18–25. Skidmore engaged in these discussions with various Sonoco employees, including Defendants, HR staff, and other corporate managers. *See id.* These allegations, construed liberally, could support a finding that Skidmore "inquired about or discussed with, or disclosed to, another employee any information about either the employee's own wages or other compensation or about any other employee's wages or other compensation" within the meaning of § 40.1-28.7:9. The statute does not explicitly require discussion of a specific "amount" of wages, and further, whether Skidmore's discussions of overtime compensation necessarily concerned the amount of wages and therefore satisfy any such requirement is a question of state law that remain unsettled. Under the fraudulent-joinder standard, such ambiguities must be resolved in Skidmore's favor. Accordingly, I cannot conclude that Skidmore has no possibility of establishing that he engaged in protected activity under the statute.

Because Schinke has not demonstrated that Skidmore has no possibility of establishing a claim against him under Virginia law, Schinke was not fraudulently joined. There is no complete diversity, and this Court lacks subject matter jurisdiction. This action will be **REMANDED** to the Circuit Court for Alleghany County pursuant to 28 U.S.C. § 1447(c). An appropriate Order shall issue.

Entered:  July 16, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge